IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, 80 F St. NW, Washington, D.C. 20001, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| FEDERAL LABOR RELATIONS AUTHORITY, 1400 K Street NW, Washington, D.C. 20424, | ) ) ) ) | |
| and | ) ) | |
| COLLEEN DUFFY KIKO, In her official capacity as Chairman of the Federal Labor Relations Authority, 1400 K Street NW, Washington, D.C. 20424, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### INTRODUCTION

The American Federation of Government Employees, AFL-CIO ("AFGE") challenges

two decisions by the Federal Labor Relations Authority ("the Authority") on the basis that the

decisions are arbitrary, capricious, an abuse of discretion, and not in accordance with law, and

are consequently in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

("APA"). Specifically, AFGE challenges the Authority's decision in *Department of Veterans

Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 465 (2018), and the Authority's denial of

reconsideration in *Department of Veterans Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A.

960 (2018). Copies of the Authority's decisions accompany this complaint.

These decisions arose from a unit clarification petition which AFGE filed with the Authority pursuant to 5 C.F.R. § 2422.1(b)(1). In that case, AFGE sought to withdraw its petition prior to the issuance of a final decision or order by the Authority. AFGE first filed a request to withdraw the unit clarification petition. When the Authority failed to respond, AFGE then filed a notice alerting the Authority that the petition was withdrawn. AFGE also directed the Authority to its regulation at 5 C.F.R. § 2429.10 which prohibits the Authority from issuing advisory opinions. Despite AFGE's request to withdraw and notice of withdrawal, and the absence of any response by the agency involved, the Authority issued the challenged decisions. AFGE therefore seeks review of the Authority's decisions on this collateral issue, and vacatur of the Authority's issuance of what amount to advisory opinions in violation of its own regulations.

I.    JURISDICTION

1.   The court has jurisdiction pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

2.   AFGE seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

II.   VENUE

3.   Pursuant to 28 U.S.C. § 1391(e)(1), the District of Columbia is a proper venue for this action because AFGE has its headquarters here and because Defendants' principal offices are also headquartered here.

III.  PARTIES

4.   AFGE is a national labor organization and unincorporated association having its headquarters at: 80 F St. NW, Washington, D.C. 20001. AFGE represents approximately 650,000 federal civilian employees in agencies across the federal government, including approximately 250,000 federal civilian employees at the Department of Veterans Affairs ("VA").

5.  AFGE and its affiliated council and locals are the certified exclusive representative under 5 U.S.C. § 7111, of certain employees at the VA.

6.  Defendant Federal Labor Relations Authority is a federal agency whose headquarters are located at 1400 K Street NW, Washington, D.C. 20424.

7.  Defendant Colleen Duffy Kiko is the Chairman of the Authority. She is sued solely in her official capacity.

IV.    <u>FACTS</u>

8.  The Authority is an "agency" as that term is defined in 5 U.S.C. § 551(1).

9.  The Authority is subject to 5 U.S.C. § 553 ("Section 553").

10. The APA defines "rule making" as "the agency process for formulating, amending, or repealing a rule." 5 U.S.C. § 551(5).

11. "Rule" is further defined by the APA as "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy[.]" 5 U.S.C. § 551(4).

12. Subject to exceptions not relevant here, Section 553(b) requires agencies to publish general notice of rule making in the Federal Register describing the time, place, and nature of public rule making proceedings, referencing the legal authority under which the rule is proposed, and describing the terms or substance of the proposed rule.

13. Section 553(c) also requires agencies to give interested persons an opportunity to participate in the rule making via public comment.

14. Subject to exceptions not relevant here, Section 553(d) requires the notice and comment period to last at least 30 days before the rule becomes effective.

15. AFGE is certified as the exclusive representative of a nationwide bargaining unit of certain professional and non-professional employees working for the VA.

16. AFGE is the certified exclusive representative of all non-excluded professional and non-professional employees, including employees of the Canteen Service, at the Kansas City VA Medical Center ("Kansas City VAMC").

17. On July 20, 2016, AFGE filed a petition pursuant to 5 C.F.R. § 2422.1(b)(1) with the Authority's Chicago Regional Office seeking to include seven positions at the Kansas City VAMC in AFGE's nationwide consolidated bargaining unit of non-professional employees.

18. The Regional Director, Sandra Lebold, of the Authority's Chicago Regional Office investigated AFGE's petition.

19. During the course of the investigation, AFGE and the VA reached agreement regarding a number of the positions at issue in AFGE's original petition.

20. AFGE and the VA were unable to reach agreement with respect to only one position at the facility.

21. After its investigation, the Authority's Chicago Regional Office, through its Regional Director Sandra LeBold, issued a Decision and Order Clarifying Unit ("Decision and Order") on July 14, 2017.

22. The Decision and Order clarified the bargaining unit to include the position at issue.

23. On August 23, 2017, the VA filed an application for review with the Authority pursuant to 5 C.F.R. § 2422.31.

24. As a result of VA's application for review, the Decision Order did not become final. 5 C.F.R. § 2422.31(e)(2).

25. AFGE filed an opposition to the VA's application for review on September 7, 2017.

26. On October 23, 2017, the Authority issued an order granting the VA's application for review but deferred action on the merits until a later date.

27. On November 20, 2017, AFGE filed a notice of request to withdraw its July 20, 2016 unit clarification petition with the Authority.

28. After AFGE received no response from the Authority, on January 11, 2018, AFGE filed a second notice withdrawing its unit clarification petition.

29. AFGE's second notice clarified that because no final decision had been reached on the merits of the case, and AFGE was withdrawing its petition, there was no longer a case or controversy that would require a decision by the Authority.

30. Additionally, AFGE's second notice cited to the Authority's regulation, 5 C.F.R. § 2429.10, prohibiting the issuance of advisory opinions by the Authority.

31. The Authority has no regulation governing the withdrawal of a union's petition for clarification of employees' bargaining unit status.

32. The VA did not object to AFGE's request to withdraw or AFGE's notice of withdrawal.

33. On April 13, 2018, almost five months after AFGE's first request to withdraw its petition, the Authority, by a 2-1 vote, issued a decision on the merits of AFGE's withdrawn unit clarification petition. *Dep't of Veterans Affairs*, *Kansas City VAMC and AFGE*, 70 F.L.R.A. 465 (2018).

34. Prior to issuing its decision, the Authority provided no notice to AFGE that its request to withdraw or its notice of withdrawal was deficient or otherwise unperfected.

35. In the decision, the Authority denied what it characterized as AFGE's request to withdraw and proceeded to issue a decision on the merits.

36. On April 30, 2018, AFGE filed a timely motion for reconsideration of the April 13, 2018 Opinion, arguing, *inter alia*, that the Authority's decision was an improper advisory opinion.

37. In the motion for reconsideration, AFGE also explained that the dispute became moot when AFGE withdrew the unit clarification petition and indicated that AFGE no longer sought to represent the position identified in the petition.

38. The Authority, by a 2-1 vote over Member Ernest DuBester's dissent, denied AFGE's motion for reconsideration on November 21, 2018. *Dep't of Veterans Affairs*, *Kansas City VAMC and AFGE*, 70 F.L.R.A. 960 (2018).

## COUNT I

### Violation of the Administrative Procedure Act
### 5 U.S.C. § 706(2)(A)

39. AFGE realleges and incorporates by reference the allegations contained in paragraphs 1 through 38.

40. Authority regulation 5 C.F.R. § 2429.10 prohibits the Authority from issuing advisory opinions.

41. By refusing to honor AFGE's withdrawal of its petition prior to a final decision on the merits, the Authority issued advisory opinions in violation of 5 C.F.R. § 2429.10.

42. The Authority's decision in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 465 (2018), and the Authority's denial of reconsideration in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 960

(2018), are therefore arbitrary, capricious, an abuse of discretion, and not in accordance with law in violation of 5 U.S.C. § 706(2)(A).

## COUNT II

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 706(2)(A)**

43. AFGE realleges and incorporates by reference the allegations contained in paragraphs 1 through 42.

44. The Authority has no regulation governing the withdrawal of a union's petition for clarification of employees' bargaining unit status.

45. AFGE validly withdrew its petition prior to the Authority's issuance of a final decision on the merits.

46. By refusing to honor AFGE's withdrawal of its petition, the Authority's decision in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 465 (2018), and the Authority's denial of reconsideration in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 960 (2018), are arbitrary, capricious, and an abuse of discretion in violation of 5 U.S.C. § 706(2)(A).

## COUNT III

**Violation of the Administrative Procedure Act**
**5 U.S.C. § 553**

47. AFGE realleges and incorporates by reference the allegations contained in paragraphs 1 through 46.

48. Authority regulation 5 C.F.R. § 2429.10 is a final rule promulgated via notice and comment rule making.

49. Authority regulation 5 C.F.R. § 2429.10 prohibits the Authority from issuing advisory opinions.

50. By refusing to honor AFGE's withdrawal of its petition prior to a decision on the merits, the Authority issued advisory opinions in violation of 5 C.F.R. § 2429.10.

51. By refusing to honor AFGE's withdrawal of its petition, the Authority altered, amended, or repealed 5 C.F.R. § 2429.10 without engaging in notice and comment rule making.

52. The Authority's decision in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 465 (2018), and the Authority's denial of reconsideration in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 960 (2018), are therefore in violation of 5 U.S.C. § 553.


## RELIEF REQUESTED

AFGE respectfully requests that this Court enter an **ORDER:**

(1) Vacating the Authority's decision in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 465 (2018), and the Authority's denial of reconsideration in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 960 (2018); and

(2) Declaring that the Authority's decision in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 465 (2018), and the Authority's denial of reconsideration in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 960 (2018), are void; and

(3) Ordering the Authority to grant AFGE's withdrawal of its petition in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 465 (2018), and the Authority's denial of reconsideration in *Department of Veteran Affairs, Kansas City VAMC and AFGE*, 70 F.L.R.A. 960 (2018); and

(4) Granting such other relief as this Court finds necessary and proper.


Respectfully Submitted,


  /s/ Andres M. Grajales
Andres M. Grajales
Deputy General Counsel
D.C. Bar No. 476894
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:    (202) 639-6426
Fax.:    (202) 379-2928
Email: Grajaa@afge.org

  /s/ Matthew W. Milledge
Matthew W. Milledge*
Assistant General Counsel
D.C. Bar No. 496262
AFGE, Office of the General Counsel
80 F Street, N.W.
Washington, D.C. 20001
Tel.:    (202) 639-6424
Fax.:    (202) 379-2928
Email: matthew.milledge@afge.org
*Lead Counsel

Attorneys for AFGE